Julia E. Wood Administratrix, Appellee, v. James E. McEvoy and Julia Wood McEvoy, Appellants.

Gen. No. 5,874. (Not to be reported in full.)

Appeal from the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed April 15, 1914.

## Statement of the Case.

Action commenced in *assumpsit* by William Wood against his sister, Julia Wood McEvoy, and her husband, James E. McEvoy, to recover thirteen hundred and fifty dollars received by defendants as the purchase price for a twenty acre tract of land and an undivided half interest in another twenty acre tract conveyed by them to one Hansel, which lands plaintiff claimed to own. After a partial trial before a jury the case was transferred to the chancery side, bill and answer filed and proofs heard by the chancellor, resulting in a decree against the defendants for the whole amount with interest, less a counterclaim about which there was no dispute. From the decree, defendants appeal.

CORNELIUS REARDON and BROWNE & WILEY, for appellants.

DUNCAN, DOYLE & O'CONOR and C. F. HANSON, for appellee.

Berg v. Lake Erie & Western Ry. Co., 186 Ill. App. 294.

MR. JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

TRUSTS, § 44*—*when equitable owner of land sold by holder of record title entitled to the purchase money.* On bill filed to recover a certain sum received by defendants as purchase money for certain land sold by defendants, of which land complainant claimed he was the equitable owner, a decree in favor of complainant *held* sustained by the evidence, it appearing that the land in question was purchased by complainant with his money and the deed taken in the name of his father, to protect him against his own improvidence, and that the father had subsequently deeded the property to his daughter, one of the defendants, for a nominal consideration, and it also appearing that the fact of the conveyance was not known to two of the children, including complainant, and that the deed was not recorded until after the father's death.